<span style="color:red">**CORRECTED**</span>

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-486V

| | |
|---|---|
| C.C.T., <br><br>            Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>            Respondent. | Chief Special Master Corcoran <br><br> Filed: October 10, 2024 |

*Anthony A. Liberatore, A. LIBERATORE, P.C., Santa Monica, CA, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, C.C.T., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccination she received on October 22, 2018. Petition, ECF No. 1. On November 21, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 43.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $31,740.20 (representing $30,946.00 in fees plus $794.20 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 19, 2024, ECF No. 49. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 49 at 9.

Respondent reacted to the motion on March 22, 2024, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 50. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. Petitioner has requested the hourly rate of $400 for work performed by her attorney, Anthony A. Liberatore, in the 2020-24 timeframe, and the hourly rate of $150 for work performed by his paralegal, Yanira Chavez. I find the requested rates to be reasonable and hereby award them herein. And all time billed to the matter was also reasonably incurred.

Furthermore, I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $124.74[3] in costs that were not substantiated with the required supporting documentation, such as an invoice or proof of payment. *See* ECF No. 36-1. I will nevertheless reimburse Petitioner's costs in full, since the unsubstantiated amount is not particularly large. But Petitioner's counsel should be aware that any future requests for costs may result in a curtailed (or denied) award for failure to include the required supporting documentation. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[4]

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $31,740.20 (representing $30,946.00 in fees plus $794.20 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Anthony A. Liberatore.**

---

[3] The unsubstantiated costs are as follows: 1/5/21: "Rehabilitation associates," 1/15/21: "USPS Postage overnight to HHS," 2/11/21 (two entries): "MRO Corporation (cc7397); 3/6/24: "USPS overnight with tracking for settlement check." See ECF No. 49 at 22-23.

[4] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/default/files/vaccine_guidelines_20240318.pdf

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.